# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE WILSON, III, | CV F 07-00142 LJO DLB HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DENIAL OF PETITIONER'S MOTION TO AMEND PETITION |
| v. | |
| JEFF WRIGLEY, Warden, | [Docs. 1, 6] |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant petition on January 26, 2007. On March 28, 2007, Petitioner filed a motion for leave to file an amended and supplemental petition. (Court Doc. 6.)

Petitioner is currently in custody of the Bureau of Prisons at the Taft Correctional Institution located in Taft, California. Petitioner contests the outcome of a 2005 disciplinary hearing and contends that the institution failed to conduct a disciplinary hearing in the proper time frame. As a result Petitioner lost twenty-six (26) days of good conduct time.

In his motion to amend the petition, Petitioner contests the outcome of a 1995 disciplinary hearing.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

1

petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

A federal court may only grant a petition for writ of habeas corpus if the federal petitioner can demonstrate that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). A habeas corpus petition is the correct method for a prisoner to challenge "the very fact or duration of his confinement," and where "the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499. Any deprivation that does not affect the fact or duration of a prisoner's overall confinement is necessarily a condition of that confinement. Jenkins v. Haubert, 179 F.3d 19, 28 (2d Cir.1999). In other words, if a successful conditions of confinement challenge would not necessarily shorten the prisoner's sentence, then § 1983 is the appropriate vehicle. See Wilkinson v. Dotson, 544 U.S. 74 (2005).

First, Petitioner contends that the institution failed to conduct the initial hearing within three (3) working days in violation of 28 C.F.R. 541.15(b). Section 541.15(b) states:

> Each inmate so charged is entitled to an initial hearing before the UDC, ordinarily held within three work days from the time staff became aware of the inmate's involvement in the incident. This three work day period excludes the day staff became aware of the inmate's involvement in the incident, weekends, and holidays.

Petitioner's claim is plainly without merit. Initially, the regulation states that the hearing given to the inmate is "ordinarily held within three work days." Therefore, the government acknowledges that there may be situations when the hearing is not held within three working days. Further, Petitioner has not shown any prejudice for the government's failure to conduct the hearing within three working days. Moreover, Petitioner is not afforded the full panoply of rights

1  in a disciplinary hearing.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  Prisoners cannot be
2  entirely deprived of their constitutional rights, but their rights may be diminished by the needs
3  and objectives of the institutional environment.  Wolff v. McDonnell, 418 U.S. at 555.  Prison
4  disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the
5  full panoply of rights in such proceedings.  Id. at 556.  Thus, a prisoner's due process rights are
6  moderated by the "legitimate institutional needs" of a prison.  Bostic v. Carlson, 884 F.2d 1267,
7  1269 (9th Cir. 1989), *citing* Superintendent, etc. v. Hill, 472 U.S. 445, 454-455 (1984).

8  However, when a prison disciplinary proceeding may result in the loss of good time
9  credits, due process requires that the prisoner receive: (1) advance written notice of at least 24
10 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety
11 and correctional goals, to call witnesses and present documentary evidence in his defense; and
12 (3) a written statement by the factfinder of the evidence relied on and the reasons for the
13 disciplinary action.  Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567.  In addition, due process
14 requires that the decision be supported by "some evidence."  Hill, 472 U.S. at 455, *citing* United
15 States ex rel. Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927)

16  Second, Petitioner contends that the government brought false charges without any proof
17 of violence.  Construed liberally this claim states a due process claim that the incident report is
18 not supported by "some evidence."

19  Third, Petitioner contends that he was denied a request to be transferred to a different
20 institution.  Petitioner is advised that there is no constitutional right to imprisonment in a specific
21 prison.  White v. Lambert, 370 F.3d 1002, 1013-1014 (9th Cir. 2004).  Additionally, this claim
22 does not impact the duration of Petitioner's confinement.  Thus, Petitioner is not entitled to
23 habeas corpus relief, and this claim is not cognizable via section 2241.

24  Fourth, with regard to Petitioner's challenge to the 1995 disciplinary hearing, it is barred
25 by the statute of limitations.   On the form petition, Petitioner indicates that his first
26 administrative appeal was denied in 1996.  (Court Doc. 1, at 2.)  In a situation such as this where
27 the petitioner is challenging a disciplinary hearing, the Ninth Circuit has held that direct review is
28 concluded and the statute of limitations commences when the final administrative appeal is

denied. See Shelby v. Barlett, 391 F.3d 1061, 1066 (9th Cir.2004) (holding that the Board of Prison Term's denial of an inmate's administrative appeal was the "factual predicate" of the inmate's claim that triggered the commencement of the limitations period); Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir.2003) (same). Therefore, the limitations period commenced the day after Petitioner's appeal of the 1995 decision was denied. Under Section 2244(d)(1)(D), Petitioner had one year from that date, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. Although Petitioner did not provide the specific dates of the actual administrative decision, it is immaterial for resolution of this issue because Petitioner states it was denied in 1996 and therefore the statute expired sometime in 1997. Petitioner did not file his federal petition until January 26, 2007, which is several years after the limitations period had expired. Petitioner provides no basis for tolling of the limitations period.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that:

1. The petition for writ of habeas corpus proceed only on Petitioner's due process claim regarding the 2005 disciplinary hearing;

2. All other claims be DISMISSED for failure to allege grounds that would entitle Petitioner to habeas corpus relief; and

3. Petitioner's motion to amend the petition be DENIED as the claim raised therein is not cognizable.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)©. The parties are advised that failure to file objections within the

1  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
2  F.2d 1153 (9th Cir. 1991).
3      IT IS SO ORDERED.
4      **Dated:   May 9, 2007**          _/s/ **Dennis L. Beck**_
                                          UNITED STATES MAGISTRATE JUDGE