UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GEORGE WILSON, III, | ) | 1:07-cv-00142-LJO-DLB-HC |
| | ) | |
| Petitioner, | ) | **ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AS MODIFIED HEREIN** (Doc. 7) |
| v. | ) | |
| | ) | |
| JEFF WRIGLEY, Warden, | ) | **ORDER DISMISSING CERTAIN CLAIMS** |
| | ) | |
| Respondent. | ) | **ORDER GRANTING MOTION TO AMEND PETITION** (Doc. 6) |

Petitioner is a federal prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

On May 10, 2007, the Magistrate Judge filed Findings and Recommendations that the Petition for Writ of Habeas Corpus proceed only on Petitioner's due process claim regarding the 2005 disciplinary hearing; all other claims be DISMISSED for failure to allege grounds that would entitle Petitioner to habeas corpus relief; and, Petitioner's motion to amend the petition be DENIED as the claim raised therein is not cognizable. These Findings and Recommendations were served on all parties and contained notice that any objections were to be filed within thirty (30) days from the date of service of that order. On May 22, 2007, Petitioner

1  filed objections to the Findings and Recommendations.

2  　　　In his objections, Petitioner contends that Rule 4 of the
3  Rules Governing Section 2254 Cases may not be applied to the
4  instant Section 2241 petition.  Petitioner is mistaken.  The Rules
5  Governing Section 2254 Cases may be applied to petitions for writ
6  of habeas corpus other than those brought under § 2254 at the
7  Court's discretion.  See, Rule 1 of the Rules Governing Section
8  2254 Cases.  Civil Rule 81(a)(2) provides that the rules are
9  "applicable to proceedings for . . . habeas corpus . . . to the
10 extent that the practice in such proceedings is not set forth in
11 statutes of the United States and has heretofore conformed to the
12 practice of civil actions."  Fed. R. Civ. P 81(a)(2).

13 　　　Petitioner further contends that he was not given adequate
14 notice of his disciplinary hearing in violation of his due process
15 rights.  Petitioner attempts to clarify his claim that he was not
16 given 24 hours notice of the hearing as required under Wolff.  As
17 clarified, Petitioner's claim is cognizable and shall proceed
18 forward.  However, Petitioner's claim that the Unit Disciplinary
19 Committee did not conduct the initial disciplinary hearing within
20 three working days in violation of 28 C.F.R. § 541.15(b), does not
21 raise a cognizable federal claim under § 2241.  The Constitution
22 only requires that prisoners be afforded those procedures mandated
23 by Wolff at a prison disciplinary hearing; it does not require that
24 prison officials comply with their own more generous procedures or
25 time limitations.  See Walker v. Sumner, 14 F.3d 1415,1419-1420
26 (1994) *abrogated on other grounds by* Sandin v. Conner, 515 U.S. 472
27 (1995); Rogers v. Okin, 738 F.2d 1, 8 (1st Cir. 1984).

28 　　　With regard to Petitioner's challenge to his 1995 disciplinary

2

1 hearing, Petitioner contends that he has been attempting to appeal
2 that decision, however, "the Bureau of Prisons would not properly
3 address his claims and supporting issues of facts, thereby
4 depriving him available administrative relief." (Objections, at 8.)
5 Based on Petitioner's allegations raised in his objections, the
6 Court cannot determine whether his challenge to the 1995
7 disciplinary hearing is barred by the statute of limitations, and
8 it shall therefore proceed forward.[1] Consequently, Petitioner's
9 motion for leave to file a supplement to the petition, filed on
10 March 28, 2007, shall be granted, as it addresses the claim
11 regarding his 1995 disciplinary hearing.  (*See* Court Doc. 6.)

12      In accordance with the provisions of 28 U.S.C. § 636
13 (b)(1)(C), this Court has conducted a *de novo* review of the case.
14 Having carefully reviewed the entire file, including Petitioner's
15 objections, the Court concludes that the Magistrate Judge's
16 Findings and Recommendations are supported by the record and proper
17 analysis.  Petitioner's objections present no grounds for
18 questioning the Magistrate Judge's analysis.

19      Accordingly, IT IS HEREBY ORDERED that:

20      1.   The Findings and Recommendations, filed May 10, 2007, as
21 modified herein, are ADOPTED IN FULL, as modified herein;

22      2.   The petition for writ of habeas corpus proceed only on
23 Petitioner's due process claim regarding the 1995 and 2005
24 disciplinary hearings;

25      3.   All other claims are DISMISSED for failure to allege

---

[1] However, Petitioner is advised that the Court is not making any ruling whatsoever as to the timeliness of this claim, and Respondent is free to argue that it is untimely.

grounds that would entitle Petitioner to habeas corpus relief; and,

    4.   Petitioner's motion to amend the petition, filed March 28, 2007, is GRANTED, and shall be construed as a supplement to the initial petition filed on January 26, 2007.

IT IS SO ORDERED.

**Dated:   October 3, 2007**             **/s/ Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE