1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   GEORGE WILSON, III,                    CV F   07-00142 LJO DLB HC

10              Petitioner,        ORDER REGARDING PETITIONER'S
                                   NOTICE AND MOTION FOR JUDGMENT
11        v.
                                   [Doc. 10]
12
    JEFF WRIGLEY, Warden,
13
                    Respondent.
14   _____/

15
16          Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus

17   pursuant to 28 U.S.C. § 2241.

18          Now pending before the Court is Petitioner's motion entitled "Notice and Motion for

19   Judgment and Order in the Interest of Justice," filed on August 14, 2007.  (Court Doc. 10.)

20          In his motion, Petitioner re-argues the claims that he raises in the instant petition.  In

21   addition, Petitioner states that on June 27, 2007, he was transferred in retaliation to a higher

22   security level for exercising his right to file an action.  Petitioner requests that the Court make

23   factual findings regarding his claims and impose judgment in his favor.  In addition, Petitioner

24   requests an injunction directing prison officials to place him in the least restrictive facility.

25          Rule 65(b) of the Federal Rules of Civil Procedure allows the Court to issue a temporary

26   restraining order.  The Court can issue a temporary restraining order if the moving party has

27   shown either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or

28   (2) the existence of serious questions going to the merits and the balance of hardships tipping in

1  [the moving party's] favor." <u>Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc.</u>, 762

2  F.2d 1374, 1376 (9th Cir. 1985), *quoting* <u>Apple Computer, Inc. v. Formula International, Inc.</u>,

3  725 F.2d 521, 523 (9th Cir. 1984).  The two formulations represent two points on a sliding scale

4  with the focal point being the degree of irreparable injury shown.  <u>Oakland Tribune</u>, 762 F.2d at

5  1376.  "Under either formulation of the test, plaintiff must demonstrate that there exists a

6  significant threat of irreparable injury."  <u>Id</u>.  In the absence of a significant showing of irreparable

7  injury, the Court need not reach the issue of likelihood of success on the merits.  <u>Id</u>.

8          To obtain a preliminary injunction, a party must demonstrate either 1) a combination of

9  probable success on the merits and the possibility of irreparable injury, or 2) the existence of

10  serious questions going to the merits and that the balance of hardships tips sharply in its favor.

11  First <u>Brands Corp. v. Fred Meyer, Inc.</u>, 809 F.2d 1378, 1381 (9th Cir.1987).

12          Petitioner has failed to demonstrate either a high probability of success on the merits or

13  that irreparable harm will result.  First, the claim of retaliation is a challenge to his conditions of

14  confinement, which must be raised by way of a civil rights complaint.  Second, as there is

15  currently a pending motion to dismiss based on untimeliness, the Court cannot at this juncture

16  evaluate the likelihood of the success on the merits.  Third, Petitioner's claim is conclusory in

17  nature as it is against unnamed individuals who are not parties to the action.  Accordingly, the

18  motion for a TRO or preliminary injunction is DENIED.

19  IT IS SO ORDERED.

20  **Dated:    March 12, 2008**              **/s/ Lawrence J. O'Neill**
                                              UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28

2