# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE WILSON, III, | CV F 07-00142 LJO DLB HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| v. | |
| | [Doc. 12] |
| JEFF WRIGLEY, Warden, | |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## BACKGROUND

Petitioner filed the instant petition on January 26, 2007. (Court Doc. 1.) On March 28, 2007, Petitioner filed a motion for leave to file an amended petition. (Court Doc. 6.) On May 10, 2007, the undersigned issued Findings and Recommendations dismissing certain claims and denying Petitioner's motion to amend. (Court Doc. 7.) Petitioner filed objections to the Findings and Recommendation on May 22, 2007. (Court Doc. 8.) On October 3, 2007, the Findings and Recommendations were adopted as modified, and Petitioner's motion to amend was granted. (Court Doc. 11.)

In the original petition, Petitioner raised the following four challenges: (1) a rules violation that occurred on October 15, 2005, resulting in the loss of 26 days of good conduct time; (2) an incident in August 2002 which involved charges of prison violence or disturbance;

1

1  (3) classification and transfer issues in 2002; and (4) the fact that all of Petitioner's
2  administrative remedies had been denied.  In his motion to amend, Petitioner sought to challenge
3  events that took place in 1995.  (Court Doc. 6.)  The Court's order of October 4, 2007, allowed
4  the petition to proceed forward on Petitioner's due process claims regarding the 1995 and 2005
5  disciplinary hearings, and all other claims were dismissed from the action for failure to state a
6  claim for relief.  (Court Doc. 11.)  The Court also granted Petitioner's motion to amend and/or
7  supplement the petition.  (Id.)

8  Respondent filed a motion to dismiss on October 29, 2007, and Petitioner filed an
9  opposition on December 11, 2007.  (Court Docs. 12, 17.)

10                                           DISCUSSION

11  A.      Timeliness of Challenges to 1995 and 2005 Decisions

12  Respondent argues that Petitioner's challenges to his 1995 and 2005 disciplinary
13  decisions are time-barred.  Based on the briefing provided by the parties, the Court cannot make
14  a determination whether this is true.  Accordingly, the Court will deny Respondent's motion on
15  this basis, without prejudice, to refiling with citation to sufficient legal and factual authority to
16  make such finding.  However, with regard to Petitioner's due process challenge to his 2005
17  disciplinary hearing, for the reasons explained *supra*, the claim should be denied on the merits.

18  B.      Failure State Claim Regarding 2005 Incident

19  On October 15, 2005, Petitioner received an Incident Report for refusal to obey an order
20  (Institution Code § 307), being in an unauthorized area (Id. at § 316), and possession of gambling
21  paraphernalia (Id. at § 326).  (Exhibits B & C, attached to Motion.)  On October 24, 2005,
22  Petitioner received notice of his rights applicable to the disciplinary hearing and was advised that
23  the hearing would be held on the next available day.  (Exhibit D, attached to Motion.)  The
24  disciplinary hearing took place six days later on November 1, 2005.[1]  (Exhibit E, attached to
25  Motion.)  At the hearing, Senior Hearing Officer Logan read and considered the Incident Report
26  stating:

---

[1] The hearing took place more than three day following the incident for reasons explained in the Advisement of Incident Report Delay provided to Petitioner on October 26, 2005.  (Exhibit F, attached to Motion.)

> [Officer Hartley] observed you and inmate Predom #80232-008 standing outside of A3A front door exchanging papers. At that time, she stepped outside and gave you and Predom a direct order to hand her the papers. Predom complied. You stated that you did not know what she was talking about. At this time she gave you and Predom a direct order to stand by the wall for a pat down. You would not comply. You entered A3A. She continued to give you a direct order to stop. You ran into the bathroom to stall #3 and pulled what you had in your pocket and threw it in the toilet and flushed it. You then turned around and sat on the toilet. She repeatedly gave you a direct order to stop. You refused and kept walking away from her to the lobby. At this time you stopped.

(Exhibit E, at 2.) Petitioner denied the charges, and submitted only a written statement arguing that he was not given his hearing with the three day frame and the notice explaining the reason for the delay was untimely. (Id. at ¶ V.) The charges on the first two counts were found to be substantiated by the evidence, which resulted in the loss of 26 days good conduct time. The charge regarding possession of gambling paraphernalia was not substantiated due to the lack of evidence.

Petitioner is not afforded the full panoply of rights in a disciplinary hearing. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. at 555. Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. Id. at 556. Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), *citing* Superintendent, etc. v. Hill, 472 U.S. 445, 454-455 (1984).

However, when a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567. In addition, due process requires that the decision be supported by "some evidence." Hill, 472 U.S. at 455, *citing* United States ex rel. Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927)

1  Petitioner's procedural due process rights were adequately protected at the October 15,
2 2005, incident as: (1) he received well over 24 hours notice of the hearing on October 24, 2005,
3 which took place on November 1, 2005 (Exhibits D &E); (2) he was afforded the opportunity to
4 present witnesses and present documents in support of his defense (Exhibits D, E & G.); and (3)
5 Hearing Officer Logan prepared a written statement of the evidence relied upon and the reasons
6 for the disciplinary action, given to Petitioner on December 5, 2005 (Exhibit E.)  In addition,
7 there is "some evidence" to support the charges against Petitioner.  As noted at the hearing,
8 Petitioner undeniably disobeyed several direct orders by officer Hartley to stop any movement
9 and stand by the wall for a pat down.  Instead, Petitioner chose to repeatedly ignore the direct
10 orders and continued walking into an unauthorized housing unit and flushed something down the
11 toilet.  (Id.)  As such, there is "some evidence" to support the charges of disobeying a direct order
12 and being in an unauthorized area, and Petitioner's due process challenge to the 2005 disciplinary
13 decision is without merit.

## RECOMMENDATION

15  Based on the foregoing, it is HEREBY RECOMMENDED that:

16  1. Respondent's motion to dismiss the instant petition as time-barred be DENIED,
17     without prejudice;
18  2. Petitioner's due process challenge to the 2005 administrative decision be
19     DENIED on the merits; and,
20  3. Respondent be directed to file a supplemental response addressing Petitioner's
21     challenge to the 1995 decision.

22  This Findings and Recommendation is submitted to the assigned United States District
23 Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of
24 the Local Rules of Practice for the United States District Court, Eastern District of California.
25 Within **fifteen (15)** days after being served with a copy, any party may file written objections
26 with the court and serve a copy on all parties.  Such a document should be captioned "Objections
27 to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served
28 and filed within ten (10) court days (plus three days if served by mail) after service of the

1  objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §
2  636 (b)(1)(C). The parties are advised that failure to file objections within the specified time
3  may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th
4  Cir. 1991).

6      IT IS SO ORDERED.
7      **Dated:**   **June 26, 2008**            /s/ **Dennis L. Beck**
                                                               UNITED STATES MAGISTRATE JUDGE