# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE WILSON, III,<br><br>        Petitioner,<br><br>    v.<br><br>JEFF WRIGLEY, Warden,<br><br>        Respondent._____/ | CV F   07-00142 LJO DLB HC<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## BACKGROUND

Petitioner filed the instant petition for writ of habeas corpus on January 26, 2007. (Court Doc. 1.) On March 28, 2007, Petitioner filed a motion for leave to file an amended petition. (Court Doc. 6.) On May 9, 2007, Magistrate Judge Beck issued findings and recommendations to dismiss certain claims and deny the motion to amend. (Court Doc. 7.) Petitioner filed objections the recommendation on May 22, 2007. (Court Doc. 8.) On October 3, 2007, the undersigned adopted the findings and recommendation with modification that the petition would proceed on the due process challenges to the 1995 and 2005 disciplinary hearings, and all other claims were dismissed. (Court Doc. 11.)

On October 29, 2007, Respondent filed a motion to dismiss the petition. (Court Doc. 12.) Petitioner filed an opposition on December 11, 2007. (Court Doc. 17.)  On June 27, 2008, Magistrate Judge Beck issued a recommendation that the motion to dismiss the petition as time-barred be denied, Petitioner's due process challenge to the 2005 administrative decision be denied on the merits, and Respondent file a supplemental response addressing the merits of Petitioner's challenge to the 1995 decision. (Court Doc. 21.)  The recommendation was adopted

in full on August 18, 2008.  (Court Doc. 26.)

On September 17, 2008, Respondent filed a motion to dismiss, and Petitioner filed a response on October 10, 2008.  (Court Docs. 28, 29.)

Petitioner's declaration sets forth the factual challenge to the 1995 disciplinary action:

> "On October 23, 1995, I was housed in D-Unit at Federal Correctional Institution (FCI) Terminal Island, San Pedro, California." (Dec. p. 1, ¶ 3)
>
> "On the above date an unknown officer entered D-Unit and that unknown officer was not Special Investigative Agent Albert Tucker, Jr. which that unknown officer order all inmates to lay face down on their assigned bunk." (Dec. p. 1, ¶ 4.)
>
> "I was assigned to the top bunk #27 upper, when several minutes later, I heard the unknown officer verbally call-out loud and order bed number 27 upper come to me.  I removed my body from my assigned bed number 27 upper, and at that particular time, I was ordered to place my hand on top of head and walk backwards to him." (Dec. pp. 1-2, ¶ 6)
>
> "Once I had approached several officers, I was order to knell down and as I complying with the officer order, several officers placed their boots on back, shoulder, and legs.  I was handcuffed and then removed from D-Unit and escorted directly to a bus.  Later, I was ordered to "Get on the bus," and I was transferred to the United States Penitentiary (LOMPOC), Lompoc, California." (Dec. p. 2, ¶ 7)
>
> "Without knowledge of prisons rights and the Code of Federal Regulations (C.F.R.) Section 541.2(a), I was informed that an incident report was filed against me.  I, later learned that Special Investigative Agent Albert Tucker, Jr. filed a false incident report against me, on October 25, 1995, at 1:00 p.m., at FCI Terminal Island, in violation of C.F.R. § 541.2(a) and my Fifth Amendment right to the Constitution of the United States." (Dec. p. 2, ¶ 8)

## DISCUSSION

I.  Lack of Jurisdiction Over Respondent

Respondent argues that the constitutional violations arising in 1995 are in no way connected to Jeff Wrigley, Warden of Taft Correctional Institution.  In 1995, Petitioner was housed at FCI Terminal Island.  The alleged constitutional violations involve personnel at FCI Terminal Island.  There are no allegations which alleged that Warden Wrigley was in any connected to the alleged constitutional violations in 1995.  In fact, the only constitutional violation alleged against Wrigley involved the 2005 administrative decision, which was previously denied on the merits in this action.  (Court Doc. 26.)  Accordingly, the petition must be dismissed.

II.  Successive Petition

Moreover, Petitioner has previously raised and litigated his constitutional challenge to the 1995 disciplinary action. The instant petition is Petitioner's second effort to challenge the lawfulness of such action.

Petitioner filed the previous petition on April 23, 2001, in the United States District Court for the Central District of California, case number 2:01-cv-03694-E. There, Petitioner argued that the 1995 disciplinary proceeding violated his due process rights because the report was false, the employee reporting the incident improperly served as the investigating officer, the hearing officer allegedly misled him into believing a staff representative was not needed causing him to waive him rights, his conviction was based on false and insufficient evidence, he was denied the ability to call an inmate witness, and he was deprived of the right to present documentary evidence.[1]  See 2:01-cv-03694-E, CM/ECF, Court Doc. 16.)  The Court found no merit to any of Petitioner's claims and dismissed it with prejudice.  (Id.)

Section 2244 of the United States Code provides, in relevant part:

> (a) *No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.*
>
> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless-
>
> (A) the application shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(I) the factual predicate for the claim could not have been discovered through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of

---

[1] A Court may take judicial notice of court records.  See, MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

3

the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(a), (b)(1)-(b)(3)(A) (emphasis added).

Although the plain language of § 2244 does not indicate the applicability to petitions filed under § 2241, several circuit courts, including the Ninth Circuit, have held that it applies to such petitions. See Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000); Chambers v. United States, 106 F.3d 472, 475 (2d Cir. 1997) (applying § 2244(a) to dismiss a second or successive § 2241 petition seeking to re-litigate a federal prisoner's claim which had been asserted and denied in a prior § 2241 petition); Valona v. United States, 138 F.3d 693, 695 (7th Cir. 1998) (noting that § 2244(a) bars successive petitions under § 2241 "directed to the same issue concerning execution of a sentence.").[2]

Accordingly, applying § 2244(a) to the instant federal petition, it is clear from a review of the record that the issue raised in the instant petition are the same or similar versions of the claims previously raised, and adjudicated on the merits, to the United States District Court for the Central District of California. Consequently, the instant petition is a successive petition and should be dismissed pursuant to 28 U.S.C. § 2244(a).

ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Respondent's motion to dismiss is GRANTED, and the instant petition for writ of habeas corpus is DISMISSED, with prejudice, for the reasons stated above.IT IS SO ORDERED.

**Dated:   November 7, 2008         /s/ Lawrence J. O'Neill**
                                    UNITED STATES DISTRICT JUDGE

---

[2] In addition, the Tenth Circuit Court of Appeals has concurred in unpublished opinions. See Jackson v. Morris, 8 Fed.Appx. 890 (10th Cir. 2001) (unpublished); Gibson v. Knowles, 166 F.3d 1220 (10th Cir. 1999) (Table).

4